UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARMANDO RODRIGUEZ, | No.  2:25-cv-1618 AC PC |
| Plaintiff, | |
| v. | ORDER and |
| MICHELLE PADILLA, et al., | FINDINGS AND RECOMMENDATIONS |
| Defendants. | |

Plaintiff, a state prisoner proceeding pro se, seeks relief pursuant to 42 U.S.C. § 1983 and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.  This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

I.      Application to Proceed In Forma Pauperis

Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a).  ECF No. 2.  Accordingly, the request to proceed in forma pauperis will be granted.

Plaintiff is required to pay the statutory filing fee of $350.00 for this action.  28 U.S.C. §§ 1914(a), 1915(b)(1).  By this order, plaintiff will be assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1).  By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court.  Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account.

1

These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C. § 1915(b)(2).

II.    Statutory Screening of Prisoner Complaints

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are "frivolous, malicious, or fail[] to state a claim upon which relief may be granted," or that "seek[] monetary relief from a defendant who is immune from such relief."  28 U.S.C. § 1915A(b).

A claim "is [legally] frivolous where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  "[A] judge may dismiss . . . claims which are 'based on indisputably meritless legal theories' or whose 'factual contentions are clearly baseless.'"  Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989) (quoting Neitzke, 490 U.S. at 327), superseded by statute on other grounds as stated in Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000).  The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. Franklin, 745 F.2d at 1227-28 (citations omitted).

"Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (alteration in original) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). "Failure to state a claim under § 1915A incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)."  Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted).  In order to survive dismissal for failure to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level."  Twombly, 550 U.S. at 555 (citations omitted).  "'[T]he pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally

2

cognizable right of action.'" Id. (alteration in original) (quoting 5 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1216 (3d ed. 2004)).

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hosp. Bldg. Co. v. Trs. of the Rex Hosp., 425 U.S. 738, 740 (1976), as well as construe the pleading in the light most favorable to the plaintiff and resolve all doubts in the plaintiff's favor, Jenkins v. McKeithen, 395 U.S. 411, 421 (1969) (citations omitted).

## III.    Complaint

Plaintiff alleges that his rights were violated by defendants' "public disclosure of private facts." ECF No. 1 at 3-6. Defendants are members of Stockton City Council. Id. at 9. Plaintiff "submitted a grant proposal containing confidential strategic plans, programmatic ideas, and intellectual property on behalf of Patience for Patience to the City of Stockton and/or associated agencies." Id. Plaintiff alleges he made the proposal "with the understanding that it would be reviewed in accordance with public contracting laws and that its proprietary contents would remain confidential." Id. The defendant city council members then shared and disclosed the confidential proposal and its contents outside of a properly noticed public meeting, in violation of the Ralph M. Brown Act (Gov. Code§ 54950 et seq.). Id. Plaintiff further alleges that defendants or those acting at their direction "leaked the contents of the proposal to the public – specifically to the online media outlet 209 Times, and on various social media platforms . . . for the purpose of publicly humiliating Plaintiff and undermining his credibility." Id. These disclosures caused plaintiff emotional distress, reputational harm, and disruption to the operations of his nonprofit organization. Id.

////

////

IV.    <u>Lack of Subject Matter Jurisdiction</u>

"Federal courts are courts of limited jurisdiction." <u>Kokkonen v. Guardian Life Ins. Co. of Am.</u>, 511 U.S. 375, 377, (1994). In 28 U.S.C. §§ 1331 and 1332(a), "Congress granted federal courts jurisdiction over two general types of cases: cases that "aris[e] under" federal law, § 1331, and cases in which the amount in controversy exceeds $ 75,000 and there is diversity of citizenship among the parties, § 1332(a). These jurisdictional grants are known as "federal-question jurisdiction" and "diversity jurisdiction," respectively. <u>Home Depot U. S. A., Inc. v. Jackson</u>, 587 U.S. 435, 437 (2019). A case "arises under" federal law either where federal law creates the cause of action or "where the vindication of a right under state law necessarily turn[s] on some construction of federal law." <u>Republican Party of Guam v. Gutierrez</u>, 277 F.3d 1086, 1088–89 (9th Cir. 2002) (quoting <u>Franchise Tax Bd. v. Construction Laborers Vacation Trust</u>, 463 U.S. 1, 8–9 (1983)). "[T]he presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." <u>Id.</u> at 1089 (quoting <u>Rivet v. Regions Bank</u>, 522 U.S. 470, 475 (1998)).

There is no diversity jurisdiction in this case because plaintiff and defendants are California citizens. ECF No. 1 at 1. Plaintiff alleges, along with claims for violations of state law, three federal causes of action: violation of his Eighth Amendment protection against cruel and unusual punishment, violation of his Fourteenth Amendment protection against unlawful deprivation of liberty and property, and violation of his Trademark protections. The facts alleged make clear that he cannot state a claim under any of these federal causes of action and accordingly cannot maintain this case in federal court under 28 U.S.C. § 1331.

A.  <u>No Available Eighth Amendment Claim</u>

The facts asserted by plaintiff cannot support an Eighth Amendment claim as a matter of law. The Eighth Amendment does not apply outside of the incarceration context; indeed, there is no question that the Eighth Amendment's prohibition against cruel and unusual punishment applies only after conviction and sentence. <u>Graham v. Connor</u>, 490 U.S. 386, 393 & n. 6 (1989). The facts alleged are simply unrelated to any possible claim under the Eighth Amendment.

4

B.  No Available Fourteenth Amendment Claim

Plaintiff alleges defendants denied him liberty and property interests without due process of law, but the facts alleged cannot support such a claim.  ECF No. 1 at 10.  The Due Process Clause of the Fourteenth Amendment provides that no state shall "deprive any person of life, liberty, or property, without due process of law."  U.S. Const. amend. XIV, § 1.  This provision encompasses two types of due process: procedural and substantive.  See Collins v. City of Harker Heights, 503 U.S. 115, 125 (1992); see also Albright v. Oliver, 510 U.S. 266, 272 (1994) ("[T]he Due Process Clause of the Fourteenth Amendment confers both substantive and procedural rights.").

Procedural due process provides "a guarantee of fair procedure in connection with any deprivation of life, liberty, or property" by the government.  Collins, 503 U.S. at 125.  Substantive due process "forbids the government from depriving a person of life, liberty, or property in such a way that 'shocks the conscience' or 'interferes with rights implicit in the concept of ordered liberty.'"  Nunez v. City of Los Angeles, 147 F.3d 867, 871 (9th Cir. 1998) (quoted sources omitted).  To state a procedural due process claim a plaintiff must identify a "life, liberty or property" interest that is protected by the Constitution.  See Wilkinson v. Austin, 545 U.S. 209, 221 (2005) (the Due Process Clause "protects persons against deprivations of life, liberty, or property; and those who seek to invoke its procedural protection must establish that one of these interests is at stake"); Wedges/Ledges of California, Inc. v. City of Phoenix, Arizona, 24 F.3d 56, 62 (9th Cir. 1994) ("A threshold requirement to a substantive or procedural due process claim is the plaintiff's showing of a liberty or property interest protected by the Constitution.").

Plaintiff does not identify a constitutionally protected liberty or property interest, nor can he based on the facts alleged.  Further, the allegations make clear that plaintiff was not deprived of anything; instead, content that he submitted to city council was publicly shared.  This is not a deprivation of liberty or property, and these facts cannot establish a Fourteenth Amendment violation.

////

////

5

C.  Trademark Violations

Plaintiff's only other federal claim is  that his grant proposal contained proprietary content including unique program strategies and intellectual property, and its disclosure violated his rights under Trademark law.  ECF No. 1 at 10.  The Lanham Act provides that the federal court has original jurisdiction over all claims arising under the Act without regard to the amount in controversy or lack of diversity in citizenship.  15 U.S.C. § 1121(a).  The Lanham Act provides protection to registered trademarks used in commerce.  15 U.S.C. § 1127.  "The Lanham Act created a federal protection against two types of unfair competition, infringement of registered trademarks, 15 U.S.C. § 1114, and the related tort of false designation of the origin of goods, 15 U.S.C. s 1125(a)."  Int'l Order of Job's Daughters v. Lindeburg & Co., 633 F.2d 912, 915 (9th Cir. 1980).  Trademark protections provided by state law do not track the protections provided by the Lanham Act.  Int'l Order of Job's Daughters, 633 F.2d at 916.

Section 1121 does not provide the federal court with jurisdiction over common law infringement of trademark claims.  Entex Indus., Inc. v. Warner Commc'ns, 487 F.Supp. 46, 48 (C.D. Cal. 1980); see Armstrong Paint & Varnish Works v. Nu-Enamel Corp., 305 U.S. 315, 325 (1938) (if a trademark is properly registered "a ground to support the cause of action is violation of the Trade-Mark Act. If it is not a properly registered trade-mark, the ground is unfair competition at common law.")  There is no federal common law of trademark infringement and common law claims are governed by state law.  Toho Co. v. Sears, Roebuck & Co., 645 F.2d 788, 791 (9th Cir. 1981).

Plaintiff does not allege that he has a federally registered trademark, or any trademark.  To the extent that the allegations could be construed to allege that defendants somehow infringed on his common law trademark, this would not raise a federal question to confer subject matter jurisdiction in this matter.  Further, plaintiff does not allege that defendants are in any way using the information he submitted to compete with him; they simply publicly disclosed information that he submitted.  The facts as stated cannot support a federal Trademark claim.

////

////

V.    <u>Leave to Amend is Not Appropriate</u>

Leave to amend is not appropriate in this case.  Ordinarily, pro se litigants are granted liberal leave to amend.  "Valid reasons for denying leave to amend include undue delay, bad faith, prejudice, and futility."  <u>California Architectural Bldg. Prod. v. Franciscan Ceramics</u>, 818 F.2d 1466, 1472 (9th Cir. 1988).  Here, given the defects described above, the undersigned finds that leave to amend would be futile.  The nature of plaintiff's grievance simply does not support any federal cause of action.  Leave to amend is therefore not warranted.

VI.    <u>Plain Language Summary of this Order for a Pro Se Litigant</u>

Your request to proceed in forma pauperis is granted and you are not required to pay the entire filing fee immediately.  However, the Magistrate Judge is recommending that your complaint is dismissed without leave to amend because there is no basis for federal jurisdiction.  If you disagree with this recommendation, you may file objections within 21 days of this order.  The District Judge will make the final decision.  Because the Magistrate Judge concludes that there is no federal jurisdiction for this case to proceed, your motions for an extension of time and to appoint counsel are denied without prejudice as moot.  If the District Judge does not adopt the recommendation to dismiss this case, you may re-file those motions.

VII.    <u>Conclusion</u>

In accordance with the above, IT IS HEREBY ORDERED that:

1.  Plaintiff's request for leave to proceed in forma pauperis (ECF No. 2) is granted.

2.  Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.  Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1).  All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3.  Plaintiff's motion for an extension of time (ECF No. 11) and motion to appoint counsel (ECF No. 12) are DENIED without prejudice as MOOT.

4.  The Clerk of Court shall randomly assign a district judge to this action.

////

7

It is further hereby RECOMMENDED that this case be DISMISSED without prejudice for lack of subject matter jurisdiction.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, plaintiff may file written objections with the court.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: February 2, 2026

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

8